TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE (BD)
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Dallas Division

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 2 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

SFX MOTOR SPORTS, INC.
A Texas Corporation

Plaintiff and Counter Defendant,

v.

ROBERT "BOB" DAVIS,
TRIPLECLAMPS,
www.SupercrossLive.com,

Defendants and Counter Claimants

Civil Action No. 3:06-CV-0276-L

BRIEF IN SUPPORT OF
DEFENDANT AND COUNTER CLAIMANT'S
MOTION FOR SUMMARY JUDGEMENT

Counsel for the Plaintiff states in his Brief that in Section III, this Court endorsed Alternative Dispute Resolution ADR programs as effective in bringing about settlement or narrowing issues in civil actions. Defendant and Counter Claimant Robert Davis is in wholehearted agreement with the above statement where there are issues to be negotiated, bartered or otherwise mediated.

In this case, however, there are NO ISSUES TO BE NEGOTIATED, BARTERED OR OTHERWISE MEDIATED. THERE IS SIMPLY ONE ISSUE, THAT IS, WHO HAS RIGHT TO THE TRADEMARK 'SUPERCROSSLIVE' AND WHETHER THE TRADEMARK COMMISSION AND/OR THIS COURT ATTEMPTS TO DISLODGE RIGHTFUL OWNERSHIP FROM DEFENDANT AND COUNTER CLAIMANT AND TURN IT OVER TO PLAINTIFF.

Counsel for Plaintiff is attempting to create a smokescreen in his effort to "BOOT STRAP" his way into stealing of the Trademark SupercrossLive from Defendant Davis.

THE TWO TRADEMARK APPLICATIONS FILED BY EACH PARTY WITH THE TRADEMARK COMMISSION ARE VERY SIMILAR IN ALL POINTS EXCEPT ONE.

DEFENDANT AND COUNTER CLAIMANT STATES FIRST USAGE AS OCTOBER, 18 2003, THE DATE OF THE FILING OF THE URL, WWW.SUPERCROSSLIVE.COM

COUNSEL FOR PLAINTIFF STATES IN HIS FILING WITH THE TRDEMARK COMMISSION THAT THE FIRST USAGE WAS JANUARY 00, 2004. IT SIMPLY TOOK PAINTIFF ABOUT TWO MONTHS TO DISCOVER THE URL OWNED BY DAVIS.

1. The date of October 18, 2003 stands alone and is very defining. There are NO OTHER ISSUES.

2. Davis has NO willingness to negotiate or otherwise barter the DATE, NOR HIS TRADEMARK.

3. There is no need for DISCOVERY. There is nothing to discover. The date of October 18, 2003 has already been discovered by Plaintiff, The Trademark Commission and the Court and was always known by the Defendant and Counter Claimant.

4. Defendant and Counter Claimant has NOT infringed, interfered with nor in any way even been involved with any trademark or other property or intellectual property belonging to Plaintiff. Defendant and Counter Claimant has linked Plaintiff's broadcast along with several others in a portal, whereby several broadcasts were linked, as done thousands of times daily around the world. Plaintiff's content or intellectual property was never touched by Defendant. Defendant has not received one cent of remuneration from anyone for anything relating to Plaintiff.

5. Defendant believes that Plaintiff at least since January 1, 2004 used Defendant and Counter Claimant's trademark many times in their activities and received substantial remuneration for such usages. Defendant and Counter Claimant request that the court order Plaintiff to make an accounting of the money involved and take such information into account when assessing damages for an award to Defendant and Counter Claimant.

**WHEREFORE, PREMISES CONSIDERED, DAVIS prays that the Court grant Defendant and Counter Claimant's motion for Summary Judgment.**

Dated: June 21, 2006

Respectfully submitted

_____

Robert "Bob" Davis, TripleClamps, and www.SupercrossLive.com

Robert Davis
10709 Wolfcreek Ln
Rowlett, Texas 75089
(972) 475-6590

CERTIFICATE OF SERVICE

A copy of this document has been forwarded to Robert W. Kantner, Baker Botts LLP on June 21, 2006 via regular mail.