UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
(Dallas Division)

| | |
|---|---|
| SFX MOTOR SPORTS, INC., a Texas Corporation, ) ) ) Plaintiff, ) ) v. ) ) ROBERT DAVIS, TRIPLECLAMPS and ) www.supercrosslive.com, ) ) Defendants. ) | Civil Action No. 3-06CV0276-L |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION**

**I.**

**INTRODUCTION**

Plaintiff SFX Motor Sports, Inc. ("SFX") owns copyrights in its audio web casts (the "Audio Web Casts") of events comprising two motorcycle racing competitions: the Supercross Championship Series and the World Supercross GP. Defendants Robert Davis ("Davis") and Tripleclamps, a Delaware Trust, have infringed SFX's copyrights by streaming the Audio Web Casts through their website at www.supercross.com. SFX has moved for a partial summary judgment as to the Defendants' liability for copyright infringement and for a preliminary injunction to stop the Defendants from continuing to infringe SFX's copyrights. SFX states below the legal grounds for the granting of these motions.

## II.

## ARGUMENT AND AUTHORITIES

A.  **An Action For Copyright Infringement Has Two Elements: (1) The Plaintiff's Ownership of Copyrighted Material; and (2) the Defendants' Copying or Other Violation of the Plaintiff's Exclusive Rights as Copyright Owner.**

"Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122… is an infringer of the copyright…" 17 U.S.C. § 501. Therefore, the requirements of a claim for copyright infringement are that "the plaintiff show 'ownership' of the material and 'copying' by the defendant." Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

B.  **SFX Owns the Copyrights in the Audio Web Casts, including the Exclusive Rights to Perform and to Display the Audio Web Casts.**

SFX promotes, produces and presents the motorcycle racing events known as the Supercross Championship Series and the World Supercross GP. SFX produces a live broadcast for each event in these series of competitions which airs as a web cast on SFX's website at www.supercross.cc.com. Therefore, SFX owns the copyrights in these performances.

SFX has registered its copyrights in a large number of the Audio Web Casts with the Register of Copyrights. The Certificates of Registration issued by the Register of Copyrights to SFX are prima facie evidence of the validity of SFX's copyrights in those Audio Web Casts and the facts stated in the certificates. 17 U.S.C. § 410(c).

Therefore, under the Copyright Act, SFX has the exclusive right publicly to perform and display the copyrighted material. 17 U.S.C. §106(4) and (5). The Act explains that the right to perform copyrighted material publicly includes the right "to transmit or otherwise communicate a performance . . . of the work . . . to the public, by means of any device or process, whether the members of the public capable of receiving the performance . . . receives it in the same place or

in separate places and at the same time or at different times." *Id.* §101. Congress has stated that "[e]ach and every method by which images or sounds comprising a performance or display or picked up and conveyed in a "transmission," and if the transmission reaches the public in [any] form, the case comes within the scope of [§106(4) or (5)]." H.R. Rep. No. 94-1676 and 64 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 4678.

> C.   **SFX Should be Awarded Summary Judgment on Davis' and Tripleclamps' Liability for Copyright Infringement Because Davis and Tripleclamps are Violating SFX's Exclusive Rights to Perform and Display the Audio Web Casts.**

The Defendants are performing and displaying SFX's Audio Broadcasts on their website through a process known as "streaming." Basically, the Defendants are transferring SFX's Audio Web Casts to their website and to visitors to their website in "real time." The Defendants admit this in their Sixth Affirmative Defense in which they state that Tripleclamps does not copy SFX's audio webcasts but rather broadcasts or performs the "same audio web cast."

In *National Football League v. Primetime 24 Joint* Venture, 1999 WL 760130 (S.D.N.Y. 2000), the District Court granted summary judgment and a permanent injunction to the National Football League (the "NFL") on its claim that the Defendant infringed the NFL's copyrights in its football games by capturing or uplinking the games and transmitting them to a satellite for broadcast to owners and renters of satellite dish antennae. The Defendant appealed; it argued that capturing or linking copyrighted material and transmitting it to a satellite did not constitute a public display or performance of that material. The Court of Appeals for the Second Circuit rejected that argument:

> The issue in this case is whether PrimeTime publicly performed or displayed NFL's copyrighted material. PrimeTime argues that capturing or uplinking copyrighted material and transmitting it to a satellite does not constitute a public display or performance of that material.
>
> . . .

> We believe the most logical interpretation of the Copyright Act is to hold that a public performance or display includes 'each step in the process by which a protected work wends it way to its audience.' Under that analysis, it is clear that PrimeTime's uplink transmission of signals captured in the United States is a step in the process by which NFL's protected work wends its way to a public audience. In short, PrimeTime publicly displayed or performed material in which the NFL owns the copyright. Because PrimeTime did not have authorization to make such public performance, PrimeTime infringed the NFL's copyright.

*National Football League v. Primetime 24 Joint Venture*, 211 F.3d 10, 12-13 (2nd Cir. 2000), *cert. denied*, 532 U.S. 941 (2001) (citations omitted).

Similarly, the Defendants in this case have infringed SFX's exclusive rights to display and perform the Audio Web Casts each and every time they have streamed one of the Audio Web Casts to their website and SFX should be awarded summary judgment on its claim for copyright infringement.

### D. SFX Should be Awarded a Preliminary Injunction to Prevent Davis and Tripleclamps from Continuing to Infringe SFX's Exclusive Rights in the Audio Web Casts.

The Copyright Act specifically authorizes a federal court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a). "Preliminary injunctions are a common judicial response to the imminent infringement of an apparently valid copyright." *Dallas Cowboys Cheerleaders v. Scoreboard Posters*, 600 F.2d 1184, 1187 (5th Cir. 1979) (citations omitted).

The requirements for the issuance of a preliminary injunction are well known: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).

### 1. SFX Has Shown a Substantial Likelihood of Success on the Merits.

In *National Football League v. TVRadioNews Corp.*, 53 U.S.P.Q. 2d 1831 (W.D. Pa. 2000), the District Court granted to the Plaintiff, the National Football League (the "NFL"), a preliminary injunction restraining the Defendant from capturing the NFL's programming from television stations, converting those signals to computerized data and streaming them over the Internet from the Defendant's website:

> Defendants also use a 'Real Video' server to stream video programming through their website.
>
> . . .
>
> The evidence set forth above and other evidence in the record shows that plaintiffs are likely to succeed in showing that defendants are unlawfully publicly performing plaintiffs' copyrighted works in the United States. Defendants do so by transmitting (through use of 'streaming' technology) performances of the works to the public by means of the telephone lines and computers that make up the Internet. This activity violates plaintiffs' rights to perform their works publicly and to authorize others to do so.

*Id.*, at 1837.

Similarly, SFX has shown or is likely to succeed in showing that Defendants Davis and Tripleclamps have unlawfully performed and displayed SFX's copyrighted Audio Web Casts by transmitting the Audio Web Casts to the public via the Internet. The fact that SFX's future Audio Web Casts are not presently created does not preclude injunctive relief against Defendants' display and performance of the Audio Web Casts because 17 U.S.C. §502(a) "provides for injunctions to prevent infringement of a copyright and not necessarily the copyright that gives rise to the action. *Georgia Television v. TV News Clips of Atlanta*, 718 F.Supp. 939, 945 (N.D.Ga. 1989) (citations omitted).

### 2. SFX Will Suffer Irreparable Harm Unless a Preliminary Injunction is Issued.

As a result of Defendants' broadcast of SFX's Audio Web Casts on their website, SFX has lost the control of its copyrighted works which Congress vested in copyright owners. In particular, SFX has lost control of the environment in which the Audio Web Casts are presented to the public. For example, SFX has presented the Audio Web Casts to the public on a website which features the logos and advertisements of AMP'D MOBILE, a broadband wireless service provider which sponsors the Supercross Championship Series and World Supercross CP. The Defendants are denying SFX its right to sell sponsorships which offer the right to have the sponsor's advertisements appear on a website that is the exclusive source of the Audio Web Casts. *See National Football League v. TVRadioNews Corp., supra*, at 1838 ["T]he Court finds that plaintiffs have presented sufficient evidence of irreparable harm. . . . Plaintiffs have lost the control with which Congress vested them of the copyrighted materials. They have lost the ability to offer particular outlets exclusive rights in particular programs or series, and they have suffered a loss of customer goodwill."]

Moreover, since SFX first notified the Defendants of its rights and demanded that the Defendants cease infringing SFX's copyrights, the Defendants have posted on their website comments critical of SFX's efforts to enforce its rights and Defendants have encouraged visitors to their website to make similar complaints about SFX's alleged "anti-competitive conduct." In short, Defendants have web cast SFX's Audio Web Casts on a website that disparages SFX.

Defendants have refused SFX's repeated requests to stop their broadcasts of SFX's Audio Web Casts. Unless Defendants are restrained by this Court they will continue to deny SFX the control of its Audio Web Casts to which SFX is entitled under the Copyright Act and they will continue to irreparably harm SFX.

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION**
DAL01:908071.1

Page 6

### 3. The Threatened Injury to SFX if No Preliminary Injunction is Issued Outweighs Any Harm Defendant May Suffer if a Preliminary Injunction is Issued.

As set forth above, SFX has suffered irreparable harm as a result of Defendants' conduct and will continue to suffer irreparable harm if the Defendants are not enjoined. In contrast, the only harm the Defendants will suffer is the inability to conduct an unlawful business. That detriment to the Defendants is not entitled to any consideration by this Court:

> Balanced against the irreparable harm to the plaintiffs from the loss of control of their copyrighted works is the possibility that if defendants are enjoined from infringing their business built on plaintiffs' programming, defendants' programming will suffer. The Court of Appeals has rejected giving this form of harm any weight. If that were the correct standard, then a knowing infringer would be permitted to construct its business around its infringement, a result the Court cannot condone.

*National Football League v. TVRadioNews Corp., supra,* at 1838 (citations omitted)

### 4. A Preliminary Injunction Would Not Be Adverse to the Public Interest.

The public interest will be best served by upholding copyright protections and preventing the misappropriation of the creative energies and resources which are invested in the display of copyrighted works such as the Audio Web Casts. *National Football League v. TVRadioNews Corp., supra,* at 1838.

### III.

### CONCLUSION

The above-stated legal grounds support the granting of Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion for Preliminary Injunction and Plaintiff SFX respectfully requests that the Motions be granted.

Dated: June 23, 2006

                      Respectfully submitted,

                      /s/ Robert W. Kantner
                      Robert W. Kantner
                      State Bar No. 11093900
                      BAKER BOTTS L.L.P.
                      2001 Ross Avenue
                      Dallas, TX 75201-2980
                      Phone: 214.953.6500
                      Fax: 214.953.6503

                      Attorney for Plaintiff
                      SFX MOTOR SPORTS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 23, 2006, he served a copy of this Motion on Defendants by hand delivery to Mr. Davis at his residence at 10709 Wolf Creek Lane, Rowlett, Texas 75089.

                      /s/ Robert W. Kantner
                      Robert W. Kantner