# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SFX MOTOR SPORTS, INC., a Texas Corporation, ) ) ) Plaintiff, ) ) v. ) ) ROBERT DAVIS, TRIPLECLAMPS and ) *www.supercrosslive.com*, ) ) Defendants. ) | Civil Action No. 3-06CV0276-L **ECF** |

## FIRST AMENDED COMPLAINT

Plaintiff SFX Motor Sports, Inc. ("SFX") alleges:

### NATURE OF THE CASE

(1) This is an action for trademark infringement and false designation of origin arising under the Trademark Act of 1946, as amended, Title 15, United States Code, § 1125, common law trademark infringement, common law unfair competition and copyright infringement arising under the United States Copyright Act, Title 17, United States Code § 501 et seq. More specifically, this action involves Defendants' unauthorized use of trademarks owned by SFX in connection with services competing with SFX as well as other unfair competitive acts. Also, Defendants have performed and displayed certain audio web casts owned by SFX (the "Audio Web Casts"), thereby infringing SFX's copyright in and to the Audio Web Casts.

### PARTIES

(2) SFX is a corporation organized and existing under the laws of the State of Texas with a place of business at 4255 Meridian Parkway, Aurora, Illinois 60504. SFX is

engaged in the business of promoting, producing and presenting motor sports events and competitions, including motorcycle racing events known as Supercross, throughout the nation, in foreign countries, and in this District.

(3)     On information and belief, Defendant Robert Davis ("Davis") is an individual who resides in this District with a residence located at 10709 Wolf Creek Lane, Rowlett, Texas 75089. Mr. Davis has appeared in this action.

(4)     On information and belief, Defendant TripleClamps is a d/b/a of Davis, which holds itself out as being a business trust that, among other things, is an alleged owner of copyrighted software that creates scoreboards for motorcycle racing promoters and operates the website *www.supercrosslive.com*. Tripleclamps has appeared in this action.

(5)     On information and belief, Defendant *www.supercrosslive.com* is a domain name and Web site owned by Davis and/or Tripleclamps. This Internet location is home to an active Web site at and through which Defendants promote and present supercross racing audio broadcasts, results and other supercross related information.

## JURISDICTION AND VENUE

(6)     This Court has subject matter jurisdiction over these causes of action under the Trademark Laws of the United States, 15 U.S.C., § 1121, and under the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1338(b), and has supplemental jurisdiction for claims under state law which arise out of a common nucleus of operative facts. This Court has personal jurisdiction over Defendants because they reside in this District, have committed tortious conduct in this District and/or have committed tortious conduct elsewhere that caused injury or damages in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the unlawful activities herein alleged were performed in whole or in part in this District and in that Defendants reside and/or do business in this District.

-2-

## FACTUAL ALLEGATIONS

(7) Supercross is a competitive motorcycle racing event conducted at indoor stadiums in which contestants compete over a man-made dirt track that contains various jumps, bumps and hairpin turns. On information and belief, supercross racing is the second most popular form of motor sport after NASCAR racing.

(8) SFX and its predecessors have been promoting professional supercross racing for more than twenty (20) years throughout the United States and overseas. The two events that have been made most famous in the sport of supercross racing are the Supercross Championship Series and the World Supercross GP. These two competitions consist of a total of more than 100 individual races conducted during a season that typically extends from mid-December through May of the following year.

(9) The Supercross Championship Series and World Supercross GP events are presented before live audiences of 40,000 or more. Live audience attendance for these competitions exceeded 750,000 people during the past season. These events take place at venues located throughout the nation, from Florida in the Southeast to Seattle in the Northwest. In addition to live audience attendance, the Supercross Championship Series events and World Supercross GP events are broadcast live on radio, via audio web cast, and on television, including, at present, CBS and Speed Channel.

(10) SFX and its predecessors have invested thousands of man-hours and millions of dollars in producing, organizing, advertising, promoting and popularizing the Supercross Championship Series and World Supercross GP in particular, and, more generally, the sport of supercross and its relative, so-called "arenacross." As a result of (i) live performance, live gate, televised broadcasts on major national networks, live and audio broadcasts and (ii) SFX's advertising of such supercross events on television, radio and print as

-3-

well as extensive promotional activity over the past twenty (20) years in an amount exceeding Twenty million dollars in the United States alone, reaching live audiences of almost 20,000,000 persons, television audiences in excess of 10,000,000 households in 2005 and radio audiences in excess of 750,000 in 2004-2005 persons, the Supercross Championship Series and World Supercross GP competitions have acquired substantial fame and celebrity, including substantial goodwill and value.

(11)   To further promote the Supercross Championship Series and World Supercross GP and to broaden and expand the popularity of these events, SFX and its predecessors have made it a practice to solicit and acquire so-called title sponsors for these tournaments. SFX and its sponsors have expended considerable effort and expense in advertising and promoting these competitions as well as the numerous individual events which comprise these competitions at major sports stadia such as Texas Stadium in Dallas, Reliant Stadium in Houston, Anaheim's Angel Stadium, SBC Park in San Francisco, Qualcomm Stadium in San Diego, and the Georgia Dome in Atlanta. SFX and its predecessors have also made it a practice to include the name of these series sponsors in the series title, name and logo. In calendar year 2006, and for a period expiring in 2009, the Supercross Championship Series and World Supercross GP are being sponsored by AMP'D MOBILE, a broadband wireless service provider which offers traditional voice and text phone services, including fully customizable handsets offering a variety of content including music, video, entertainment, sports and gaming. As a result, the Supercross Championship Series is now called the AMP'D Mobile AMA Supercross Championship Series and the World Supercross GP is now referred to as the AMP'D Mobile World Supercross GP.

(12) The Supercross Championship Series and World Supercross GP racing events produced by SFX are sanctioned by the AMA, the American Motorcyclist Association. The sanctioning services provided by AMA include formulation of supercross rules and regulations, referees and judges for the events and other services related to maintaining the integrity of the competition as well as a license to SFX to use the AMA logo in the logo for the Supercross Championship Series.

(13) The Supercross Championship Series is identified as the AMP'D MOBILE/AMA SUPERCROSS SERIES and is identified by the following logo:



The World Supercross GP competition is identified by the following logo:



Each of these logos is distinctive and unique and each functions as a Mark identifying the source of the services provided by SFX in connection with its supercross racing competitions.

(14) SFX produces a live audio broadcast for each event in its Supercross Championship Series and World Supercross GP which airs as a web cast exclusively on SFX's Web site at *www.supercross.cc.com*. SFX has registered its copyrights on the audio web casts as follows:

> Supercross LIVE! Audio Webcast - Toronto, ON -
> 12/03/05 - Registration No. SR 370-325
>
> Supercross LIVE! Audio Webcast - Vancouver, ON -
> 12/10/05 - Registration No. SR 370-324

DAL01:908527.1

Supercross LIVE! Audio Webcast - Anaheim, CA -
01/07/06 - Registration No. SR 370-319

Supercross LIVE! Audio Webcast - Phoenix, AZ -
01/14/06 - Registration No. SR 370-320

Supercross LIVE! Audio Webcast - Anaheim, CA -
1/21/06 - Registration No. SR 370-321

Supercross LIVE! Audio Webcast - San Francisco, CA -
01/28/06 - Registration No. SR 370-322

Supercross LIVE! Audio Webcast -Anaheim, CA -
02/04/06 - Registration No. Sr 370-323

Supercross LIVE! Audio Webcast - San Diego, CA -
02/11/06 - Registration No. SR 370-370

Supercross LIVE! Audio Webcast - St. Louis, MO -
02/18/06 - Registration No. SR 370-371

Supercross LIVE! Audio Webcast - Atlanta, GA -
02/25/06 - Registration No. SR 379-877

Copies of the above registration certificates are attached hereto collectively as Exhibit A.

(15) Initially without the knowledge, and always without authorization or consent, of SFX, Defendants have used the logos of both series as well as other trademarks, slogans and copyrighted materials owned by SFX. More specifically, Defendants' actions include:

(i) the unauthorized use of an exact duplicate of the Supercross Championship Series logo;

(ii) the unauthorized use of an exact duplicate of the World Supercross GP logo;

(iii) the unauthorized use of an exact duplicate of the "header" from SFX's Web site at "*www.supercross.cc.com;*"

(iv) the unauthorized copying, display and performance of SFX's Audio Web Casts of Supercross Championship Series and World Supercross GP events at Defendants' Web site *www.supercrosslive.com*; and

(v) on information and belief, the unauthorized linking of Defendants' Internet locations with the Web sites of SFX, its sponsors and sanctioning body.

Each of the aforesaid activities are or have been conducted at a Web site at *www.supercrosslive.com*, an Internet address owned, on information and belief, by Davis and/or by Tripleclamps. Defendants have continued many of their infringing activities subsequent to receipt of written notice of their infringement from SFX.

(16) On information and belief, Defendants derive revenue from the aforesaid unauthorized actions and a principal factor in such revenue creation is the appearance of SFX's intellectual property copied by Defendants without authorization, consent or knowledge of SFX.

## COUNT I

### TRADEMARK INFRINGEMENT - FALSE DESIGNATION OF ORIGIN

(17) SFX repeats and realleges the foregoing paragraphs 1-16 as though set forth in full.

(18) SFX is the owner of all right, title, interest and goodwill in and to the service mark and logo for the AMP'D MOBILE/AMA SUPERCROSS CHAMPIONSHIP SERIES and the AMP'D MOBILE WORLD SUPERCROSS GP (the "Marks"), used to identify the motorcycle racing events long-known by that name.

(19) SFX and its predecessors in interest have devoted substantial effort to advertising and promoting the motorcycle racing events associated with the Marks. As a

consequence these Marks have developed substantial public and industry recognition for the services offered under these distinctive Marks.

(20) SFX's services have come to be well known and accepted by the relevant consuming audience in connection with SFX's distinctive Marks and, as a result, the Marks serve to distinguish SFX's services from the services of others.

(21) SFX, through significant investment, sales, advertising and promotional efforts, skill, and experience, has acquired and now enjoys substantial goodwill and a valuable reputation under its distinctive Marks. The maintenance of high standards of quality and excellence for SFX's services has contributed to this valuable goodwill and reputation.

(22) SFX's ability to maintain the high standards and quality associated with its Marks and its valuable reputation and credibility in the motor sports industry depends, in part, upon its ability to prevent the use of its Marks by third parties that are not controlled by, connected with or affiliated with SFX. Any inference of a connection between SFX's services and the services of another or confusion as to such a connection erodes SFX's credibility and damages SFX's valuable reputation and the goodwill of the Marks that identify SFX.

(23) Defendants have promoted and advertised services referring to and concerning the Supercross Championship Series and World Supercross GP by using duplicates of the Marks of SFX. Defendants have promoted and advertised those services by utilizing the Marks without the consent, authorization or knowledge of SFX and continue to do so. Defendants' actions constitute use of a "colorable imitation" and "counterfeit" of SFX's Marks. Such use has occurred and continues to occur in the same channels of trade that SFX uses in marketing, advertising and promoting its Marks. Defendants are also offering, advertising and

promoting their services in connection with their unauthorized use of the Marks to the same class of consumers to whom SFX offers, advertises and promotes its competing services.

(24) On information and belief, at the time Defendants commenced their unauthorized use of SFX's Marks they had actual knowledge of SFX's prior use thereof and of SFX's substantial investment in its distinctive Marks, but, nevertheless, proceeded to use these infringing marks in direct competition with SFX's use.

(25) Defendants, on information and belief, were familiar with the high quality and high level of acceptance of SFX's services offered, advertised and sold under SFX's distinctive Marks at the time Defendants began their unlawful usage.

(26) Defendants knew or should have known that their use of the Marks, designations identical to and confusingly similar to SFX's Marks, would enable Defendants to trade on the extensive and valuable goodwill and reputation belonging to SFX.

(27) Defendants' use of the Marks in the same channels of trade; advertised and promoted to the same purchasers sought by SFX will cause confusion, or cause mistake, or deceive.

(28) Defendants' use of the Marks will cause the relevant consuming public to believe that Defendants' services originate with or are sponsored by SFX, or offered under SFX's supervision and control or otherwise are connected or affiliated with SFX. As a result of the wide public acceptance of SFX's services associated with the Marks, Defendants' offering, sale and promotion of services associated with designations identical to the Marks is likely to be mistakenly understood to be offered or sponsored by SFX.

(29) On information and belief, the acts of Defendants complained of above are calculated to deceive the relevant consuming public into using Defendants' services in the

mistaken belief that they are SFX's services, or that they are sponsored by, connected with, or supplied under the supervision of SFX.

(30) The acts of Defendants reduce the value of SFX's goodwill under SFX's distinctive Marks, and destroy the exclusive association between SFX and its distinctive Marks.

(31) On information and belief, Defendants' acts have been and are being committed with the deliberate purpose and intent of appropriating and trading upon SFX's goodwill and reputation.

(32) The foregoing acts of Defendants constitute the use of false descriptions, representations and designations of Defendants' services, which Defendants have advertised, offered, and sold in interstate commerce in violation of § 43(a) of the Trademark Act of July 5, 1946, 15 U.S.C. § 1125(a).

## COUNT II

### COMMON LAW TRADEMARK INFRINGEMENT

(33) SFX repeats and alleges the foregoing paragraphs 1-16 as though set forth in full.

(34) Defendants have been and are now using in commerce reproductions, counterfeits, copies, or colorable imitations of SFX's distinctive Marks in connection with the sale, offer for sale, and advertising of services relating to and competitive with the supercross racing events promoted by SFX in association with the Marks, which use is likely to cause confusion and reduce the value of SFX's goodwill and tends to destroy the exclusive association between SFX and SFX's distinctive Marks.

(35) The acts of Defendants are likely to deceive and cause confusion of the public, and to induce the public to believe that Defendants or their business are in some manner

related to, approved by, or sponsored by SFX, and such acts constitute infringement of SFX's common law trademark rights in SFX's distinctive Marks.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

(36)   SFX repeats and alleges the foregoing paragraphs 1-16 as though set forth in full at this point.

(37)   The foregoing acts of Defendants constitute unfair competition in violation of the common law.

(38)   The acts of Defendants constitute unfair competition, palming off, unjust enrichment, and misappropriation of SFX's rights in that such acts permit, and will continue to permit Defendants to use and benefit from the goodwill and reputation earned by SFX's distinctive Marks to permit Defendants to obtain a ready customer acceptance for their supercross racing related services by using, without consent, SFX's Marks and on the basis of a reputation not established in Defendants' own right, and to give Defendants' services a marketability they otherwise would not have, all at the expense of SFX.

(39)   The continuing sale and offer for sale of services by Defendants under SFX's Marks will continue to constitute acts of unfair competition, palming off, unjust enrichment, and misappropriation by Defendants against SFX, thereby causing SFX irreparable harm.

## COUNT IV

## COPYRIGHT INFRINGEMENT

(40)   SFX repeats and alleges the foregoing paragraphs 1-16 as though set forth in full at this point.

DAL01:908527.1

(41)     SFX is the sole and exclusive owner of all right, title and interest in and to the copyright in the Audio Web Casts of Supercross Championship Series and World Supercross GP events ("Audio Broadcasts"), which are web cast at SFX's Web site, *www.supercross.cc.com*.

(42)     SFX has registered copyrights in Audio Web Casts as set forth above.

(43)     Initially, without the knowledge, and always without authorization or consent, of SFX, Defendants have willfully copied, reproduced and distributed, and continue to copy, reproduce and distribute SFX's Audio Web Casts and Track Design Artwork, and/or derivatives thereof, at Defendants' web site, *www.supercrosslive.com* even after receipt of written notice of their infringing activities.

(44)     The foregoing acts of Defendants constitute copyright infringement in violation of SFX's exclusive rights under the United States Copyright Act, 17 U.S.C. § 501.

(45)     As a proximate result of Defendants' actions, SFX has suffered and, unless enjoined from such acts, will continue to suffer great damage to its business, goodwill, reputation and profits.

### PRAYER FOR RELIEF

WHEREFORE, SFX prays for entry of judgment and for relief against Defendants as follows:

1.     That Defendants, their officers, agents, servants, employees and representatives and all other persons, firms or corporations in active concert or participation with them, be temporarily, preliminarily and, thereafter, permanently enjoined and restrained from:

(a)     using in any fashion SFX's Marks;

(b) advertising, promoting, offering for sale, manufacturing, purchasing, distributing and/or selling services or products in connection with or bearing SFX's Marks;

(c) copying, reproducing, distributing, displaying, performing, transforming into a different medium, or using to create derivative works from, SFX's original and creative copyrighted works, or otherwise infringing SFX's copyright rights; and

(d) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade as to the source of products or services produced, distributed, sold or offered for sale by Defendants, or likely to deceive members of the public or the trade into believing that there is some connection between Defendants and SFX or that Defendants' services or products are connected with, sponsored by or otherwise affiliated with SFX or authorized by SFX;

2. That Defendants be ordered to remove from any Web site they own or otherwise control, either directly or indirectly, any designation which infringes SFX's Marks, copyright or other rights, or which otherwise comprise false advertising, false representation, counterfeiting, dilution or unfair competition;

3. That Defendants, pursuant to 15 U.S.C. § 1118, be ordered to deliver up for destruction any products, labels, signs, prints, packages, wrappers, receptacles, articles, advertisements and promotional materials in its possession bearing SFX's Marks, any variant thereof and/or any name or mark confusingly similar thereto, and all plates, molds, matrices, and other means of making the same;

4. That Defendants account for and pay over to SFX all of the profits which they realized from the sale and/or distribution of products or services sold under or in connection with SFX's Marks, any variant thereof, or name or mark confusingly similar thereto;

5. That SFX recover its damages sustained as a result of Defendants' infringement of SFX's trademarks and unfair competition;

6. That SFX be awarded three times Defendants' profits or three times SFX's damages sustained as a result of Defendants' infringement of SFX's Marks and unfair competition, whichever is greater, together with its reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1117(a) and (b);

7. That SFX be awarded damages incurred and/or Defendants' profits made as a result of Defendants' infringement of SFX's copyrighted works, as alleged herein;

8. That SFX be awarded its reasonable attorneys' fees and costs under the United States Copyright Act (17 U.S.C. § 505);

9. That SFX be awarded punitive damages pursuant to the common law of the State of Texas;

10. That SFX recover the costs of this action;

11. That Defendants, pursuant to 15 U.S.C. § 1116(a), be directed to file with the Court and serve upon SFX within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction; and

12. That SFX be granted such other and further relief as the Court deems just and proper.

Dated:  June 6, 2006

                            Respectfully submitted,

                            /s/ Robert W. Kantner
                            Robert W. Kantner
                            State Bar No. 11093900
                            BAKER BOTTS L.L.P.
                            2001 Ross Avenue
                            Dallas, TX 75201-2980
                            Phone: 214.953.6500
                            Fax: 214.953.6503

                            Attorney for Plaintiff
                            SFX MOTOR SPORTS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2006, he served a copy of this First Amended Complaint upon the Defendants by regular mail to Robert Davis at 10709 Wolf Creek Lane, Rowlett, Texas 75089.

                            /s/ Robert W. Kantner
                            Robert W. Kantner

DAL01:908527.1