## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SFX MOTOR SPORTS, INC.,<br>a Texas Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3-06CV0276-L<br>**ECF** |
| ROBERT DAVIS, TRIPLECLAMPS and<br>*www.supercrosslive.com*, | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S RESPONSE TO
### DEFENDANTS AND COUNTER CLAIMANTS'
### MOTION FOR PRELIMINARY INJUNCTION

### I.

### INTRODUCTION

Supercross is a form of motorcycle racing  Supercross is conducted at indoor stadiums in which contestants compete over man-made dirt tracks that contain artificial obstacles customarily used in motocross events.  Plaintiff SFX Motor Sports, Inc. ("SFX") has promoted professional supercross racing for more than twenty (20) years.  In particular, SFX promotes, broadcasts and web casts live two well-known series of professional supercross racing known as the AMP'D MOBILE AMA SUPERCROSS SERIES and the AMP'D MOBILE WORLD SUPERCROSS GP.

Robert Davis and Tripleclamps, a business trust Davis controls, operate a website at www.supercrosslive.com.  On that website, Davis and Tripleclamps display and perform SFX's copyrighted audio web casts (the "Audio Web Casts") without SFX's permission.  Davis and Tripleclamps claim they are pursuing a business model built around SFX's Audio Web Casts

PLAINTIFF'S RESPONSE TO DEFENDANTS AND
COUNTER CLAIMANTS' MOTION FOR PRELIMINARY INJUNCTION                    PAGE 1
DAL01:918344.1

– a business model consisting of the provision of news, chat and discussion groups pertaining to the sport of supercross racing, interviews with participants in the sport statistics from the sport to the public.

When SFX sued Davis and Tripleclamps for copyright infringement, Davis and Tripleclamps decided that "the best defense was a good offense." One week after SFX served its Complaint on Davis, Davis filed – in Tripleclamps' name – an application to register SupercrossLive as a trademark. The Trademark Office has not yet acted on that application. Based solely on that application and without any evidence that Davis or Tripleclamps have ever used SupercrossLive as a trademark, i.e. as an identifier of the source of their products or services, Davis and Tripleclamps have countersued SFX for trademark infringement and now seek a preliminary injunction to stop SFX from using SupercrossLive to refer to its live promotions, broadcasts, and audio web casts of supercross events as SupercrossLive. For the reasons stated below and in the Brief which accompanies this Response, the Counter Claimants' Motion for Preliminary Injunction should be denied.

## II.

### FACTUAL GROUNDS ON WHICH PLAINTIFF OPPOSES DEFENDANTS AND COUNTER CLAIMANTS' MOTION FOR PRELIMINARY INJUNCTION

1.      Counter Claimants have not supported their motion for preliminary injunction with any evidence. Counter Claimants appear to rely on their Counterclaims and Exhibits B, C, and D to the Counterclaims; however, the Counterclaims and Exhibits are not competent evidence because they are hearsay and because Counter Claimants have not authenticated any of the exhibits.

2.      In particular, as set forth in more detail in the Brief supporting this Response, Counter Claimants have not shown that they have used SupercrossLive as a trademark, i.e. to designate or identify themselves as the source of any goods or services of their own. To the contrary, the Defendants simply use SupercrossLive as a domain name, an address on the Internet at which Defendants provide a place for supercross fans to gather, listen to SFX's Audio Web Casts and "chat" about those broadcasts.

3.      The application to register SupercrossLive as a trademark that Davis filed one week after he was served with process in this action is not evidence that he or Tripleclamps have actually used SupercrossLive as a trademark. Even more significantly, in their Motion for Preliminary Injunction, the Counter Claimants have conceded that they are not entitled to register SupercrossLive as a trademark by stating that "'Supercross' is a generic term describing a sporting industry that Counter Defendant in no way owns exclusive rights to." (Motion, p.2) The addition of the word "live", which merely indicates that the sport is being broadcast live, does not enhance Defendants' application.

4.      Moreover, Counter Claimants have not even attempted to show that the actions of SFX have created a likelihood of confusion as to the source of SFX's Audio Web Casts, which Counter Claimants display and perform on their website.

5.      Finally, Counter Claimants have not shown that they have been harmed by SFX's conduct or that any harm they will suffer if they are not granted an injunction outweighs the harm SFX will suffer if an injunction is issued. To the contrary, the Counter Claimants do not charge the public for their display and performance of SFX's Audio Web Casts and they do not have any good will of their own to lose.

## III.

### LEGAL GROUNDS ON WHICH
### SFX OPPOSES DEFENDANTS AND COUNTERCLAIMANTS'
### MOTION FOR PRELIMINARY INJUNCTION

1.     Counter Claimants are not entitled to a temporary injunction because they have not established that they have a probable right of success on the merits, that they will be irreparably harmed, that the harm they will suffer if an injunction is not granted outweighs the harm SFX will suffer if an injunction is granted or that the public interest requires a temporary injunction.

2.     The legal grounds on which SFX opposes Counter Claimants' Motion for Preliminary Injunction are set forth in more detail in the Brief which accompanies this Response.

## IV.

### CONCLUSION

For the reasons stated above, Counter Claimants' Motion for Preliminary Injunction should be denied.

Dated:  August 21, 2006

Respectfully submitted,


 /s/  Robert W. Kantner
Robert W. Kantner
State Bar No. 11093900
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX 75201-2980
Phone: 214.953.6500
Fax: 214.953.6503

Attorney for Plaintiff
SFX MOTOR SPORTS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2006, he served a copy of Plaintiff's Response to Defendant and Counter Claimants' Motion for Preliminary Injunction upon the Counter Claimants by regular mail to Robert Davis at 10709 Wolf Creek Lane, Rowlett, Texas 75089.

_/s/_ Robert W. Kantner
Robert W. Kantner
