IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LIVE NATION MOTOR SPORTS, INC.** | § | |
| **f/k/a SFX MOTOR SPORTS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-276-L** |
| | § | |
| **ROBERT DAVIS, d/b/a** | § | |
| **TRIPLECLAMPS and** | § | |
| **www.supercrosslive.com,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are four pending motions:  Defendant and Counter Claimant's Motion for Summary Judgment ("Def. Mot. Summ. J."), filed June 22, 2006; Plaintiff's Motion for Partial Summary Judgment ("Pl. Mot. for Partial Summ. J."), filed June 23, 2006; Defendants and Counter Claimant's Motion to Quash Plaintiff's Motion for Partial Summary Judgment and to Quash Plaintiff's Motion for Preliminary Injunction and to Quash Plaintiff's Proposed Findings of Fact and Conclusions of Law in Support of Motion for Preliminary Injunction ("Mot. to Quash"),[1] filed July 12, 2006; and Defendant's Motion to Dismiss Robert Davis as Codefendant, filed December 27, 2006.  After careful consideration of the motions, related briefs and applicable law, the court **grants** Plaintiff's Motion for Partial Summary Judgment; **denies** Defedant and Counter Claimant's Motion

---

[1]Defendant Robert Davis is a *pro se* litigant.  He did not file a response to Plaintiff's Motion for Partial Summary Judgment; however, he did file his Motion to Quash within the deadline permitted for responses to both of those motions.  The court, therefore, treats Davis's Motion to Quash and the arguments contained therein as his response, as well as a motion seeking affirmative relief.

**Memorandum Opinion and Order – Page 1**

for Summary Judgment; **denies as moot** Defendant's Motion to Quash; and **denies** Defendant's Motion to Dismiss Robert Davis as Codefendant.

## I.  BACKGROUND

This is a trademark, copyright and unfair competition action filed by Plaintiff SFX Motor Sports, Inc. ("SFX"),[2] on Feb. 13, 2006,  against Defendant Robert Davis, d/b/a TripleClamps and www.supercrosslive.com ("Davis").  Davis filed counterclaims against SFX alleging trademark infringement on March 6, 2006.  SFX promotes and produces motorcycle racing events  known as Supercross.    The racing events take place at various venues across the country that are broadcast live via the radio, television and internet (referred to as "audio webcasts").  SFX's motion for partial summary judgment addresses only its copyright infringement claim, in which it contends that Davis performs and displays audio webcasts of the racing events through his website, www.supercrosslive.com, in violation of SFX's copyright in and to the audio webcasts.  Davis's counterclaims and summary judgment motion are based on SFX's alleged trademark infringement of the term "SupercrossLIVE," which Davis contends is a trademark owned by his company, TripleClamps. Def. Summ. J. Br. at 2.  As both parties have moved for summary judgment, the court will address each party's motion in turn.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[2]Plaintiff filed a notice with the court on November 6, 2006, that it had changed its name from SFX Motor Sports, Inc. to Live Nation Motor Sports, Inc.  Since all of the motions, responses and accompanying briefs addressed by this motion were filed prior to the name change, this order will refer to Plaintiff as "SFX" for consistency and clarity.

of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832

(1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.  ANALYSIS

### A.  SFX's Motion for Partial Summary Judgment

SFX, in its copyright infringement claim, asserts that Davis "streams" the live webcast of its races on his website in "real time," which infringes upon SFX's exclusive right to display and perform the broadcasts. Pl. Mot. for Partial Summ. J. at 3-4. Davis admits to providing an audio webcast "link" to the racing events on his website, and asserts an affirmative defense. Mot. to Quash at 1. The court determines that there is no genuine issue as to a material fact on the issue of copyright infringement and that SFX is entitled to judgment as a matter of law on this claim.

Under the United States Copyright Act, copyright protection may extend to "original works of authorship fixed in any tangible medium of expression," including audiovisual works and sound recordings. 17 U.S.C. § 102. The owner of a copyright has the exclusive rights to perform and display the copyrighted work publicly, including the right to "perform . . . by means of a digital audio transmission." 17 U.S.C. §§ 106(4), (5), (6). A copyright registration is not a prerequisite to protection of live performances or broadcasts. *See* 17 U.S.C. § 411(b).[3] In short, to prevail in a

---

[3]The Copyright Act specifically states that:
In the case of a work consisting of sounds, images, or both, the first fixation of which is made simultaneously with its transmission, the copyright owner may, either before or after such fixation takes place, institute and action for infringement . . . if . . .the copyright

copyright action, the plaintiff must "show 'ownership' of the material and 'copying' by the defendant. To establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that he has complied with statutory formalities." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107-08 (5th Cir. 1991) (internal citations omitted).

SFX is entitled to judgment as a matter of law on its copyright infringement claim because SFX has shown ownership of the material and "copying" by Davis. The live broadcasts of the racing events, either via television, radio or internet webcasts, constitute original audiovisual material that can be copyrighted under the Copyright Act. *See* 17 U.S.C. § 102; *see also Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841 at 847 (2d Cir. 1997) (*citing* H.R. Rep. No. 94-1476 at 52 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659 at 5665) (noting Congress's reasons for amending the Copyright Act to include protections for live brodcasts). SFX, as the producer of the racing shows, qualifies as the author or "owner" of the copyrightable material. That SFX did not hold copyright registrations for the shows until after they occurred will not preclude it from obtaining protections afforded to copyright owners under the copyright act, so long as it complied with the statutory formalities within a prescribed time. *See* 17 U.S.C. § 411(b). Specifically, SFX must have given advance notice of its copyright interest in the broadcast material, prior to the broadcasts, and have applied for a copyright registration for each show within three months of the transmission date. *See id.* Through affidavits and other evidence attached to its Motion for Partial Summary Judgment, SFX has shown that it complied with the statutory formalities within the prescribed time for at least ten of the shows it produced between December 2005 and March 2006.

---

owner–(1) serves notice upon the infringer not less than 48 hours before such fixation . . . and (2) makes registration for the work . . . within three months after its first transmission. 17 U.S.C. § 411(b).

**Memorandum Opinion and Order – Page 5**

SFX also provides evidence, and Davis does not refute, that Davis's website, www.supercrosslive.com, provided live audio webcasts of those shows.

Davis's response to SFX's allegations are unclear, because he denies streaming, copying or re-broadcasting SFX's shows; however, Davis asserts that he has an "affirmative defense" to SFX's complaint because he provides "the same audio webcast link freely distributed by ClearChannel executives and thousands of individuals upon thousands of websites worldwide."[4]  Mot. to Quash. at 1.  Additionally, Davis asserts "fair use" as an affirmative defense.  *See* Answer at 5, 6 (*citing* 17 U.S.C. § 107 and 15 U.S.C. § 1125(c)(4)(C)).

Litigation over copyright protections for live internet webcasts has not made its way into controlling Fifth Circuit opinions (nor any other circuit court opinions that this court could find).  Opinions addressing copyright protection for live television broadcasts, however, provide appropriate, analagous guidance in this case.  In *National Football League v. PrimeTime 24 Joint Venture*, the Court upheld a permanent injunction against Defendant PrimeTime, which provided unauthorized satellite transmissions of the NFL's copyrighted weekly live broadcasts of football games to viewers in Canada.  211 F.3d 10 (2[d] Cir. 2000).  PrimeTime had argued that "capturing or uplinking copyrighted material and transmitting it to a satellite [did] not constitute a public display

---

[4]The court notes that Davis contradicts himself through his filings.  At on point, he states that "Defendants FLATLY DENY that they have ever had any involvement with a 'Process Known As Streaming'."  Mot. to Quash at 2.  Davis, however, states in his Answer and Counterclaim that:

> TripleClamps, in business since Feb 2001, formed from within the heartland of 100's thousands of Motorcross Racing Community at the grassroot level, provides leading edge streaming technologies to millions of live audiences around the world for many of USA's and Europe's Major Amateur and Pro Events in Motorcross, Arenacross, Supercross, Off-Road, ATV, Hare-Scramble, Cross Country, Trials, and many other countless two wheeled and four wheeled vehicles.

Answer at 6.

**Memorandum Opinion and Order – Page 6**

or performance of that material." *Id.* at 12.  The court rejected that argument by reviewing similar

copyright infringement actions, as well as legislative history, and stated:

> We believe the most logical interpretation of the Copyright Act is to hold that a public performance or display includes each step in the process by which a protected work wends its way to its audience.  Under that analysis, it is clear that PrimeTime's uplink transmission of signals captured in the United States is a step in the process by which NFL's protected work wends its way to a public audience.  In short, PrimeTime publicly displayed or performed material in which the NFL owns the copyright.  Because PrimeTime did not have authorization to make such public performance, PrimeTime infringed the NFL's copyright.

*Id.* (internal quotations and citations omitted).

The court finds the reasoning used by the Second Circuit to be sound and persuasive; and

the court adopts the reasoning used in *Prime Time*.  Davis essentially attempts to make the same

argument as PrimeTime by stating that he has an "affirmative defense" because he provides the

"same audio webcast link freely distributed by ClearChannel."  Using the same approach, the court

determines that the unauthorized "link" to the live webcasts that Davis provides on his website

qualifies as a copied display or performance of SFX's copyrightable material.

The court also determines that the link Davis provides on his website is not a "fair use" of

copyright material as Davis asserts through his Answer.  The Copyright Acts states that

reproductions of a copyrighted work is protected as a "fair use" of the material if used for purposes

of "criticism, comment, news reporting, teaching . . . scholarship or research."  17 U.S.C. § 107.

Additionally, to determine whether a reproduction qualifies as a fair use of the material, the court

must consider:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

**Memorandum Opinion and Order – Page 7**

(4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.* Davis has not provided any evidence that his "use" of SFX's audio webcasts falls within any of these categories. He does use the word "commentary" in his "Seventh Affirmative Defense," where he asserts that "[t]his is a malicious attempt by the Plaintiff to stifle competition and commentary from non-Plaintiff Internet websites and to clear the commercial landscape of potential competitors of Plaintiffs." Davis's Answer at 5. In light of Davis's statements regarding commercial competition, the court does not believe Davis's "use" of SFX's audio webcasts qualifies as fair use for the purpose of criticism, comment or news reporting. Davis has given no indication that he excerpts portions of the webcasts on his website for these purposes. Rather, he admits providing a link to the webcast that "is the same audio webcast" provided by SFX. Mot. to Quash at 1.

For the reasons previously stated, the court determines that no genuine issue of a material fact exists that Davis has violated SFX's copyrights by providing a link of its webcasts without authorization, and not for a protected "fair use" purpose under the Copyright Act. Accordingly, SFX is entitled to judgment as a matter of law, and summary judgment is appropriate on SFX's copyright infringement claim.

**B. Davis's Motion for Summary Judgment**

Davis contends that he holds a trademark in the term "SupercrossLIVE" (with no space between the words), and that SFX has infringed upon this mark by using "Supercross LIVE" (with one space between the words) on SFX's website and in marketing campaigns. Answer to Compl. Den. Allegation of Trademark Infringement With Countercls. (Mar. 6, 2006) ("Answer") at 7. SFX responds that Davis has presented no evidence that he has used "SupercrossLIVE" as a trademark, or that his use of supercrosslive.com as a website domain name creates any likelihood of confusion

**Memorandum Opinion and Order – Page 8**

between SFX's events and Davis's website.  The court agrees with SFX that Davis has failed to meet his burden of showing that no genuine issue of a material fact exists on his trademark infringement claims to entitle him to summary judgment.

To prevail on a trademark infringement claim, the plaintiff must show "(1) that the mark or trade dress, as the case may be, qualifies for protection and (2) that [defendant's] use of the mark or trade dress creates a likelihood of confusion in the minds of potential consumers." *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526 at 536 (5th Cir. 1998).  To be a valid trademark that can be federally registered, "a mark must be capable of distinguishing the applicant's goods from those of others, or stated another way, a mark must be distinctive." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 566 (5th Cir. 2000) (quoting *Sugar Busters, LLC v. Brennan*, 177 F.3d 258, 267-68 (5th Cir. 1999)).  A registered trademark "shall be *prima facie* evidence of the validity" of the registered owner's exclusive right to use the mark in commerce.  17 U.S.C. § 1115.

Davis has presented no evidence that "SupercrossLIVE" qualifies for trademark protection, or that SFX's use of the mark creates a likelihood of confusion in minds of potential consumers.  *See Pebble Beach Co.*, 155 F.3d at 536.  Davis has presented no evidence that "SupercrossLive" is a valid trademark that is "capable of distinguishing [his] goods from those of others." *See Testmasters*, 428 F.3d at 566.  Davis contends that he first put his website, www.supercrosslive.com, to use on October 18, 2003.  Def. Summ. J. Br. at 2.  Davis further contends that TripleClamps is "a leader in cutting edge technology live webcast services serving mega thousands of particpants worldwide for remote motor sports facilities anywhere in the country since 2001."  Answer at 7.  Davis, however, presents no evidence and gives no explanation showing how "SupercrossLIVE"

**Memorandum Opinion and Order – Page 9**

distinguishes his goods from those of others.[5]   In short, Davis has presented no evidence that "SupercrossLIVE" is distinctive, and he has not given this court evidence showing that he obtained trademark registration for "SupercrossLIVE."[6]  As a genuine issue of material fact exists regarding Davis's trademark infringement counter claims, he is not entitled to summary judgment on these claims.   Accordingly, the court may not grant Defendant and Counter Claimant's Motion for Summary Judgment.

### C.  Motion to Dismiss Robert Davis

Without leave of court, Davis filed Defendant's Motion to Dismiss Robert Davis as Codefendant on December 27, 2006.  The court's Scheduling Order of May 4, 2006, set November 6, 2006, as the deadline for filing all dispositive motions.  Davis's motion does not explain the reason for his late filing, and therefore wholly fails to establish good cause for such filing.  The motion also fails to provide adequate grounds for Davis's dismissal as an individual defendant. Davis merely asserts that he should be dismissed because TripleClamps "directs, owns, and operates the business activities of 'SupercrossLIVE.com,' the website to which Plaintiff directs its claims." This assertion is not supported by affidavit or other evidence, nor is it sufficient to explain why

---

[5]Davis's Answer includes several "factual allegations" written in sentence fragments that do not clearly explain the goods or services he provides, or how those services are distinctive.  For example:
> 67.  Leader in instant live timing services serving mega thousands of participants worldwide for remote motor sports facilities anywhere in the country since 2001.
> 68.  Leader in live internet TV coverage serving mega thousands of participants worldwide for remote motor sports facilities anywhere in the country since 2001.

Answer at 7.

[6]Davis has attached printouts showing that he filed for trademark registration on February 21, 2006, a week after SFX instituted this lawsuit; however, his application has not been approved.  The status report he provides states that his application is "[n]ewly filed," and "not yet assigned to an examining attorney."

**Memorandum Opinion and Order – Page 10**

Davis is not a proper party to the lawsuit.  Accordingly, the court **denies** Defendant's Motion to Dismiss Robert Davis as a Codefendant.

### D.  Davis's Motion to Quash

As the court previously stated, it has treated Davis's Motion to Quash, and the arguments contained therein, as his response, as well as a motion seeking affirmative relief.  In light of the court's rulings made herein, and in light of the court's earlier ruling granting SFX's Motion for Preliminary Injunction, the court denies as moot Defendants and Counter Claimant's Motion to Quash Plaintiff's Motion for Partial Summary Judgment and to Quash Plaintiff's Motion for Preliminary Injunction and to Quash Plaintiff's Proposed Findings of Fact and Conclusions of Law in Support of Motion for Preliminary Injunction.

## IV.  CONCLUSION

For the reasons stated herein, the court hereby the court **grants** Plaintiff's Motion for Partial Summary Judgment; **denies** Defedant and Counter Claimant's Motion for Summary Judgment; **denies as moot** Defendant's Motion to Quash; and **denies** Defendant's Motion to Dismiss Robert Davis as Codefendant.

In light of the court's rulings, Plaintiff's copyright infringement claim remains for trial for a determination of damages, if any.  Plaintiff's trademark and unfair competition claims, as well as Defendant's trademark infringement claims, remain for trial.

**It is so ordered** this 9th day of January, 2007.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 11**